# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEIVA,<br><br>        Plaintiff,<br><br>    v.<br><br>W. JACKSON,<br><br>        Defendant. | 1:16-cv-00167-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br>(ECF NOS. 1 & 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

      Andre Leiva ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 5, 2016. (ECF No. 1). On March 31, 2017, the Court screened Plaintiff's complaint and found that it failed to state a claim upon which relief could be granted. (ECF No. 10). The Court gave Plaintiff thirty days from the date of service of the screening order to file an amended complaint or to notify the Court that he wishes to stand on his complaint, subject to findings and recommendations to the district judge consistent with the screening order. (Id.). The Court also warned Plaintiff that failure to file an amended complaint or to notify the court that he wishes to stand on his complaint could result in the dismissal of this case. (Id. at p. 6).

      The time period expired, and Plaintiff did not file an amended complaint or notify the Court that he wishes to stand on his complaint. Accordingly, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that he wishes to stand on his complaint that is causing delay. The Court found that Plaintiff's complaint failed to state a claim approximately a month and a half ago. The case is now stalled until Plaintiff files an amended complaint or notifies the Court that he wishes to stand on his Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. While dismissal with prejudice is a harsh sanction, the Court has already found that Plaintiff's complaint failed to state a claim.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983, as well as Plaintiff's failure to comply with a Court order and failure to prosecute;
2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 16, 2017**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE