UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEIVA,<br><br>    Plaintiff,<br><br>    v.<br><br>W. JACKSON,<br><br>    Defendant. | 1:16-cv-00167-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br>(ECF NO. 12) |

Andre Leiva ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 5, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 12).

Plaintiff asks for appointment of counsel because he does not fully comprehend the law and because the issues in this case are complex to Plaintiff.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances

1

the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court screened Plaintiff's complaint and found that it failed to state a claim. (ECF No. 10). The Court gave Plaintiff thirty days to file a First Amended Complaint or to notify the Court that he wanted to stand on his complaint, subject to the Court issuing findings and recommendations consistent with the screening order to the assigned district judge. (Id.). Plaintiff failed to timely respond to the Court's screening order.[1] Accordingly, as this case currently stands, it appears that Plaintiff is not likely to succeed on the merits of his claim.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 12, 2017**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff states that he filed an amended complaint on or around April 25, 2017 (ECF No. 12), which would have been a timely response. However, the Court did not receive Plaintiff's amended complaint.

2